IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSE SHERIDAN, | : |
| RAMACHANDRA SATTIGERI and | : CIVIL ACTION FILE NO. |
| SURAJ UNNIKRISHNAN, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| GUIDED SYSTEMS TECHNOLOGIES, INC. | : |
| and J. ERIC CORBAN, | : |
| | : |
| Defendants. | : |

## **COMPLAINT**

COME NOW Plaintiffs Jesse Sheridan, Ramachandra Sattigeri and Suraj Unnikrishnan (collectively "Plaintiffs"), by and through their attorneys, and assert their claims against Defendants Guided Systems Technologies, Inc. and J. Eric Corban (collectively "Defendants") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for due but unpaid minimum and overtime wages, breach of contract and other relief on the grounds set forth as follows:

# **INTRODUCTION**

## 1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, <u>et seq.</u> ("FLSA") by Plaintiffs, three former employees of Defendants Guided Systems Technologies, Inc. and Eric Corban based on Defendants' failure to pay them any wages at all for multiple workweeks. As a result, Plaintiffs received less than $7.25 per hour and no overtime wages in these unpaid workweeks as required by the FLSA. In addition, Plaintiffs bring supplemental claims based on the laws of the State of Georgia.

## **JURISDICTION AND VENUE**

## 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C § 1331 with respect to Plaintiffs' claims under the FLSA, a federal statute that affects interstate commerce.

3.

This Court has supplemental jurisdiction over Plaintiffs' claims which arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims upon which the Court's original jurisdiction is invoked that they form part of the same case or controversy under the U.S. Constitution.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Guided Systems Technologies, Inc.'s principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff Jesse Sheridan ("Sheridan") is a natural person and resident of the State of Washington and is entitled to bring actions of this kind and nature.

6.

Plaintiff Ramachandra Sattigeri ("Sattigeri") is a natural person and resident of the State of Virginia and is entitled to bring actions of this kind and nature.

7.

Plaintiff Suraj Unnikrishnan ("Unnikrishnan") is a natural person and resident of the State of Connecticut and is entitled to bring actions of this kind and nature.

8.

Defendant Guided Systems Technologies, Inc. ("GST") is a domestic corporation organized and existing under the laws of the State of Georgia.

9.

Defendant GST can be served with process via its registered agent, CEO and CFO, J. Eric Corban at his business address of 618 Indian Cotton Trail, McDonough, Georgia 30252 or wherever he may be found.

10.

Defendant GST is subject to the personal jurisdiction of this Court.

11.

Defendant J. Eric Corban ("Corban") is the CEO, CFO and Secretary of Defendant GST.

12.

Defendant Corban may be served with process at his business address of 618 Indian Cotton Trail, McDonough, Georgia 30252 or wherever he may be found.

13.

Defendant Corban is subject to the personal jurisdiction of this Court.

14.

At all times material hereto, Defendants have jointly operated a company which builds and operates drones for various commercial customers, including the United States government, doing business as Guided Systems Technologies, Inc., whose principal place of business is located at 618 Indian Cotton Trail, McDonough, Georgia 30252.

## **INDIVIDUAL COVERAGE**

15.

At all times material hereto, each Plaintiff was "engaged in commerce" as an employee of GST as defined in 29 U.S.C. § 207(a)(1).

16.

Specifically, each Plaintiff regularly worked on drones which were sent into interstate commerce and used for commercial and/or governmental purposes in miscellaneous states.

## ENTERPRISE COVERAGE

### 17.

At all times material hereto, Defendant GST has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 207(a)(1).

### 18.

During 2014, Defendant GST had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 19.

During 2015, Defendant GST had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 20.

At all times material hereto, one or more employees of Defendants, including the Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary to Defendant GST for its commercial purposes: computers, cell phones, office supplies, and components for drones.

21.

During 2014, Defendant GST had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Defendant GST had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Defendant GST had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, Defendant GST had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Defendant GST has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

## STATUTORY EMPLOYER ALLEGATIONS

26.

Plaintiff Sheridan worked for Defendant GST as a Software Engineer from approximately May 22, 2008 to approximately July 3, 2015.

27.

Throughout Plaintiff Sheridan's employment with GST, he was classified as an employee and paid an hourly wage from which payroll taxes were withheld.

28.

Plaintiff Sattigeri worked for Defendant GST as a Software Engineer from approximately February 2008 to approximately May 11, 2015.

29.

Throughout Plaintiff Sattigeri's employment with GST, he was classified as an employee and paid an hourly wage from which payroll taxes were withheld.

30.

Plaintiff Unnikrishnan worked for Defendant GST from approximately June, 2006 until approximately February 28, 2015 in various positions. From January 2008 through February, 2015, Unnikrishnan held the job title of Director of Controls/Senior Guidance Navigation Controls Engineer.

31.

Throughout Plaintiff Unnikrishnan's employment with GST, he was classified as an employee and paid an hourly wage from which payroll taxes were withheld.

32.

At all times material hereto, the work performed by each Plaintiff was integral to Defendant GST's business purpose (*i.e.*, building and operating drones for commercial customers and the government).

33.

At all times material hereto, Defendant GST exercised significant, if not total control over the amount of each Plaintiff's pay.

34.

At all times material hereto, Defendant GST exercised significant control over each Plaintiff's work hours.

35.

At all times material hereto, Defendant GST was an "employer" of each Plaintiff as defined in 29 U.S.C. § 203(d).

36.

At all times material hereto, each Plaintiff was an "employee" of Defendant GST as defined 29 U.S.C. § 203(e)(1).

37.

At all times material hereto, Defendant Corban exercised operational control over the work activities of each Plaintiff.

38.

At all times material hereto, Defendant Corban was involved in the day to day operation of Defendant GST.

39.

At all times material hereto, Defendant GST vested Defendant Corban with supervisory authority over each Plaintiff.

40.

At all times material hereto, Defendant Corban exercised supervisory authority over each Plaintiff.

41.

At all times material hereto, Defendant Corban set each Plaintiff's working hours or supervised the scheduling of each Plaintiff's working hours.

42.

At all times material hereto, Defendant Corban exercised authority and supervision over each Plaintiff's compensation.

43.

At all times material hereto, Defendant Corban was an "employer" of each Plaintiff as defined in 29 U.S.C. §203(d).

44.

At all times material hereto, each Plaintiff was an "employee" of Defendant Corban as defined in 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS PERTAINING TO THE CLAIMS OF PLAINTIFF SHERIDAN

45.

In 2014 and 2015, Plaintiff Sheridan was paid his wages twice each month.

46.

Between December, 2014 and June 30, 2015, Plaintiff Sheridan's hourly pay rate was $35.84.

11

47.

During the pay period from 12/1/14-12/15/14, Plaintiff Sheridan worked 89.75 hours but was paid no wages for this work.

48.

During the pay period from 12/16/14-12/31/14, Plaintiff Sheridan worked 70.50 hours but was paid no wages for this work.

49.

During the pay period from 1/16/15-1/31/15, Plaintiff Sheridan worked 91 hours but was paid no wages for this work.

50.

During the pay period from 2/1/15-2/15/15, Plaintiff Sheridan worked 84.25 hours but was paid no wages for this work.

51.

During the pay period from 2/16/15-2/28/15, Plaintiff Sheridan worked 81.50 hours but was paid no wages for this work.

52.

During the pay period from 3/1/15-3/15/15, Plaintiff Sheridan worked 78 hours but was paid no wages for this work.

53.

During the pay period from 4/1/15-4/15/15, Plaintiff Sheridan worked 67.25 hours but was paid no wages for this work.

54.

During the pay period from 6/16/15-6/30/15, Plaintiff Sheridan worked 24.75 hours but was paid no wages for this work.

55.

Between December, 2014 and July 3, 2015, Sheridan regularly worked in excess of forty (40) hours in a seven-day workweek but was paid no overtime premium for these overtime hours.

56.

As of June 29, 2015, Plaintiff Sheridan had accrued 216 hours of unused vacation time.

57.

As of June 29, 2015, Plaintiff Sheridan had accrued 16 hours of holiday time.

58.

In each of the pay periods identified above, Plaintiff Sheridan's regular hourly rate of pay was below the minimum wage of $7.25 per hour.

59.

On or about July 7, 2015, Plaintiff Sheridan provided his written resignation of employment to Defendant Corban. A true and correct copy of the letter is annexed as Exhibit "A".

60.

In Sheridan's resignation letter, he sets forth the amounts owed to him by GST as 587 hours of work, 216 hours of accrued vacation and 16 hours of accrued holiday pay, for a total owed of $29,352.96.

61.

Defendant Corban signed Sheridan's resignation letter.

## ACTUAL ALLEGATIONS PERTAINING TO THE CLAIMS OF PLAINTIFF SATTIGERI

62.

In 2014 and 2015 Plaintiff Sattigeri was paid his wages twice each month.

63.

Between December, 2014 and May 8, 2015, Plaintiff Sattigeri's hourly pay rate was $49.13.

64.

During the pay period from 12/1/14-12/15/14, Plaintiff Sattigeri worked 84 hours but was paid no wages for this work.

65.

During the pay period from 12/16/14-12/31/14, Plaintiff Sattigeri charged 56 hours (24 hours of regular work + 32 hours of accrued vacation) but was paid for only 24 hours for this pay period.

66.

During the pay period from 1/16/15-1/31/15, Plaintiff Sattigeri worked 88 hours but was paid no wages for this work.

67.

During the pay period from 2/1/15-2/15/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

68.

During the pay period from 2/16/15-2/28/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

69.

During the pay period from 3/1/15-3/15/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

70.

For the pay period from 3/16/15-3/31/15, Plaintiff Sattigeri worked 80 hours and he was not paid for this work until 4/29/2015. Such delay is a violation of the FLSA and 29 C.F.R. § 778.106.

71.

During the pay period from 4/1/15-4/15/15, Plaintiff Sattigeri charged 88 hours (75 hours regular work + 13 hours vacation) but was paid no wages for this pay period.

72.

During the pay period from 4/16/15-4/30/15, Plaintiff Sattigeri charged 88 hours (81 hours regular work + 7 hours vacation) but was paid no wages for this pay period.

73.

During the pay period from 5/1/15-5/8/15, Plaintiff Sattigeri charged 48 hours (34 hours regular work + 14 hours vacation) but was paid no wages for this pay period.

74.

Between December, 2014 and May 8, 2015, there were certain workweeks in which Sattigeri worked in excess of forty (40) hours in a seven-day workweek but was paid no overtime premium for these overtime hours.

75.

As of May 11, 2015, Plaintiff Sattigeri had accrued 31.5 hours of unused vacation time.

76.

On May 11, 2015, Scott Vinson, the VP of Operations, wrote and signed a letter acknowledging that Plaintiff Sattigeri was not paid for 668 hours (602 hours of regular work and 66 hours of charged vacation time) between 12/1/14 and 5/8/15 and was not paid 31.5 hours of accrued but unused vacation time, for a total of 699.5 hours of unpaid hours.

77.

A true correct copy of Scott Vinson's May 11, 2015 letter is annexed to this Complaint as Exhibit "B".

78.

For each of the pay periods identified above and in Scott Vinson's May 11, 2015 letter, Plaintiff Sattigeri's regular hourly rate of pay was below the minimum wage of $7.25 per hour.

## FACTUAL ALLEGATIONS PERTAINING TO THE CLAIMS OF PLAINTIFF UNNIKRISHNAN

79.

In 2014 and 2015 Plaintiff Unnikrishnan was paid his wages bi-monthly.

80.

Between December, 2014 and February, 2015, Plaintiff Unnikrishnan's hourly pay rate was $63.00.

81.

During the pay period from 12/1/14-12/15/14, Plaintiff Unnikrishnan charged 83.5 hours (67.50 work and 16 vacation hours) but was paid no wages for this pay period.

82.

During the pay period from 1/16/15-1/31/15, Plaintiff Unnikrishnan worked 88 hours but was paid no wages for this work.

83.

During the pay period from 2/1/15-2/15/15, Plaintiff Unnikrishnan worked 76 hours but was paid no wages for this work.

84.

During the pay period from 2/16/15-2/28/15, Plaintiff Unnikrishnan worked 58.5 hours but was paid no wages for this work.

85.

Between December, 2014 and February 28, 2015, Unnikrishnan regularly worked in excess of forty (40) hours in a seven-day workweek but was paid no overtime premium for these overtime hours.

86.

As of March 3, 2015, Plaintiff Unnikrishnan had accrued 148 hours of unused vacation time.

87.

On March 3, 2015, Scott Vinson, the VP of Operations, wrote a letter acknowledging that Plaintiff Unnikrishnan was not paid for 306 hours of work between 12/1/14 and 2/28/15 and was not paid 148 hours of accrued but unused vacation time, for a total of 454 hours of unpaid hours.

88.

A true correct copy of Scott Vinson's March 3, 2015 letter is annexed to this Complaint as Exhibit "C".

89.

In each of the pay periods identified above and in Scott Vinson's March 3, 2015 letter, Plaintiff Unnikrishnan's regular hourly rate of pay was below the minimum wage of $7.25 per hour.

# CLAIMS FOR RELIEF

## COUNT ONE

### VIOLATION OF 29 U.S.C. §§ 206 AND 215 AGAINST BOTH DEFENDANTS
### (Minimum Wage Violations)

90.

The preceding paragraphs of this Complaint are incorporated herein by reference.

91.

29 U.S.C. § 206(a) requires that covered employers pay their employees at least the minimum wage of $7.25 per hour worked.

92.

In the workweeks specifically identified in this Complaint, Defendants failed to compensate Plaintiffs at a pay rate equal to or above the minimum wage rate of $7.25 per hour for all hours worked up to forty (40) in any given workweek.

93.

In the workweeks specifically identified in this Complaint in which Plaintiffs were not paid any wages, that particular Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

94.

At all relevant times, each Plaintiff was entitled to be paid $7.25 for each and every hour worked for Defendants in any given workweek.

95.

In the workweeks specifically identified in this Complaint in which Plaintiffs were not paid any wages, Defendants failed to pay that particular Plaintiff the equivalent of $7.25 per hour free and clear for each hour worked for Defendants in those workweeks.

96.

Defendants' failure to compensate Plaintiffs the equivalent of $7.25 per hour for each hour worked for Defendants in the workweeks specifically identified in this Complaint, is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

97.

Defendants' violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**COUNT TWO**

**VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST BOTH DEFENDANTS**
**(Overtime Pay Violations)**

98.

The preceding paragraphs of this Complaint are incorporated herein by reference.

99.

29 U.S.C. § 207(a) requires that covered employers pay their employees at least time-and-one-half of the employee's regular hourly rate of pay for all hours worked in excess of forty (40) in any given workweek.

100.

Throughout each Plaintiff's employment with Defendants, each Plaintiff regularly worked in excess of forty (40) hours per week.

101.

In the workweeks specifically identified in this Complaint, Defendants failed to compensate Plaintiffs at an overtime pay rate of one-and-one-half the regular hourly rate for all hours worked by Plaintiffs in excess of forty (40) in any given workweek.

102.

For the specific workweeks identified in this Complaint, Defendants paid each Plaintiff no wages at all for the overtime hours worked by him.

103.

For the specific workweeks identified in this Complaint, Defendants did not pay each Plaintiff a salary of at least $455.00 per week.

104.

In the workweeks specifically identified in this Complaint in which Plaintiffs were not paid any wages, that particular Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

105.

At all times material hereto, Defendant GST did not employ any Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

106.

At all times material hereto, Defendant GST did not employ any Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

107.

At all times material hereto, Defendant GST did not employ any Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

108.

Defendants were legally required to pay each Plaintiff at the rate of time-and-one-half of their regular hourly rate for all hours worked in excess of forty (40) in any and every given workweek.

109.

Defendants have failed and refused to adequately compensate each Plaintiff at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

110.

Defendants' failed to compensate each Plaintiff at the overtime rate of time-and-one-half of their regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT THREE

## BREACH OF CONTRACT ASSERTED BY PLAINTIFF SHERIDAN AGAINST DEFENDANT GST

111.

The preceding paragraphs of this Complaint are incorporated herein by reference.

112.

Between December, 2014 and June 30, 2015, Plaintiff Sheridan's hourly pay rate was $35.84.

113.

During the pay period from 12/1/14-12/15/14, Plaintiff Sheridan worked 89.75 hours but was paid no wages for this work.

114.

During the pay period from 12/16/14-12/31/14, Plaintiff Sheridan worked 70.50 hours but was paid no wages for this work.

115.

During the pay period from 1/16/15-1/31/15, Plaintiff Sheridan worked 91 hours but was paid no wages for this work.

116.

During the pay period from 2/1/15-2/15/15, Plaintiff Sheridan worked 84.25 hours but was paid no wages for this work.

117.

During the pay period from 2/16/15-2/28/15, Plaintiff Sheridan worked 81.50 hours but was paid no wages for this work.

118.

During the pay period from 3/1/15-3/15/15, Plaintiff Sheridan worked 78 hours but was paid no wages for this work.

119.

During the pay period from 4/1/15-4/15/15, Plaintiff Sheridan worked 67.25 hours but was paid no wages for this work.

120.

During the pay period from 6/16/15-6/30/15, Plaintiff Sheridan worked 24.75 hours but was paid no wages for this work.

121.

Between December 1, 2014 and June 30, 2015, Plaintiff Sheridan worked 587 hours for which he was not paid any part of the agreed upon rate of $35.84 per hour.

122.

Plaintiff Sheridan is owed $21,038.08 in back wages pursuant to the agreement he had with Defendant GST that he would be paid $35.84 per hour.

123.

The GST Employee Manual expressly states that upon separation of employment, employees with six months or more of service will be paid for all accrued but unused vacation days.

124.

The Employee Manual policy on payment of accrued by unused vacation time was drafted by Defendant GST.

125.

Plaintiff Sheridan played no role whatsoever in drafting the vacation pay policy and had no input into the content or wording of the policy.

126.

The vacation pay policy is an additional compensation plan which is contractually binding upon Defendant GST.

127.

Plaintiff Sheridan was aware of the vacation pay policy during his employment and relied upon it in deciding whether to use his accrued vacation or save it so that he would be paid out his accrued vacation upon separation.

128.

In reliance upon the express written terms of the vacation pay policy, Plaintiff Sheridan saved his accrued vacation days rather than use them in an effort to maximize his payout upon his separation.

129.

Plaintiff Sheridan would have used and would not have saved his accrued vacation hours had he known Defendant GST would refuse to pay him for these hours.

130.

Plaintiff Sheridan has substantially complied with all obligations imposed upon him by his employment contract with Defendant GST.

131.

Defendant GST has breached its contract by with Plaintiff Sheridan by failing to pay him all of his accrued vacation hours upon his separation.

132.

At the time of his separation from GST's employment, Plaintiff Sheridan had accrued 216 hours of unused vacation time, for a total of $7,741.44 owed to Sheridan.

133.

Plaintiff Sheridan has requested that Defendant GST pay him for all 587 hours of unpaid work as well as the 216 hours of accrued vacation time.

134.

Defendant GST has refused to pay Plaintiff for 587 hours of unpaid work and 216 hours of accrued vacation time.

135.

Defendant GST has breached its contract by with Plaintiff Sheridan by failing to pay him all of his agreed upon wages and accrued vacation pay.

136.

Defendant GST's breach of contract was in bad faith, as Defendant GST has no legal defense to payment, is being stubbornly litigious and is causing Plaintiff Sheridan unnecessary trouble and expense in his attempts to collect this admitted debt.

137.

As a result of Defendant's breach of contract, Plaintiff Sheridan has suffered lost income in the approximate amount of $21,038.08 in wages and $7,741.44 in owed vacation time, for a total of $28,779.52, plus prejudgment interest.

## COUNT FOUR

## BREACH OF CONTRACT ASSERTED BY PLAINTIFF SATTIGERI AGAINST DEFENDANT GST

### 138.

The preceding paragraphs of this Complaint are incorporated herein by reference.

### 139.

Between December, 2014 and May, 2015, Plaintiff Sattigeri's hourly pay rate was $49.13.

### 140.

During the pay period from 12/1/14-12/15/14, Plaintiff Sattigeri worked 84 hours but was paid no wages for this work.

### 141.

During the pay period from 12/16/14-12/31/14, Plaintiff Sattigeri worked 32 hours but was paid no wages for this work.

### 142.

During the pay period from 1/16/15-1/31/15, Plaintiff Sattigeri worked 88 hours but was paid no wages for this work.

143.

During the pay period from 2/1/15-2/15/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

144.

During the pay period from 2/16/15-2/28/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

145.

During the pay period from 3/1/15-3/15/15, Plaintiff Sattigeri worked 80 hours but was paid no wages for this work.

146.

During the pay period from 4/1/15-4/15/15, Plaintiff Sattigeri worked 88 hours but was paid no wages for this work.

147.

During the pay period from 4/16/15-4/30/15, Plaintiff Sattigeri worked 88 hours but was paid no wages for this work.

148.

During the pay period from 5/1/15-5/8/15, Plaintiff Sattigeri worked 48 hours but was paid no wages for this work.

149.

Between December 1, 2014 and May 8, 2015, Plaintiff Sattigeri worked 668 hours for which he was not paid any part of the agreed upon rate of $49.13 per hour.

150.

Plaintiff Sattigeri is owed $32,818.84 in back wages pursuant to the agreement he had with Defendant GST that he would be paid $49.13 per hour.

151.

The GST Employee Manual expressly states that upon separation of employment, employees with six months or more of service will be paid for all accrued but unused vacation days.

152.

The Employee Manual policy on payment of accrued by unused vacation time was drafted by Defendant GST.

153.

Plaintiff Sattigeri played no role whatsoever in drafting the vacation pay policy and had no input into the content or wording of the policy.

154.

The vacation pay policy is an additional compensation plan which is contractually binding upon Defendant GST.

155.

Plaintiff Sattigeri was aware of the vacation pay policy during his employment and relied upon it in deciding whether to use his accrued vacation or save it so that he would be paid out his accrued vacation upon separation.

156.

In reliance upon the express written terms of the vacation pay policy, Plaintiff Sattigeri saved his accrued vacation days rather than use them in an effort to maximize his payout upon his separation.

157.

Plaintiff Sattigeri would have used and would not have saved his accrued vacation hours had he known Defendant GST would refuse to pay him for these hours.

158.

Plaintiff Sattigeri has substantially complied with all obligations imposed upon him by his employment contract with Defendant GST.

159.

Defendant GST has breached its contract by with Plaintiff Sattigeri by failing to pay him all of his accrued vacation hours upon his separation.

160.

At the time of his separation from GST's employment, Plaintiff Sattigeri had accrued 31.50 hours of unused vacation time, for a total of $1,547.59 owed to Sattigeri.

161.

Plaintiff Sattigeri has requested that Defendant GST pay him for all 668 hours of unpaid work as well as the 31.50 hours of accrued vacation time.

162.

Defendant GST has refused to pay Plaintiff Sattigeri for 668 hours of unpaid work and 31.50 hours of accrued vacation time.

163.

Defendant GST has breached its contract by with Plaintiff Sattigeri by failing to pay him all of his agreed upon wages and accrued vacation pay.

164.

Defendant GST's breach of contract was in bad faith, as Defendant GST has no legal defense to payment, is being stubbornly litigious and is causing Plaintiff Sattigeri unnecessary trouble and expense in his attempts to collect this admitted debt.

165.

As a result of Defendant's breach of contract, Plaintiff Sattigeri has suffered lost income in the approximate amount of $32,818.84 in wages and $1,647.59 in owed vacation time, for a total of $34,466.43, plus prejudgment interest.

## COUNT FIVE

## BREACH OF CONTRACT ASSERTED BY PLAINTIFF UNNIKRISHNAN AGAINST DEFENDANT GST

166.

The preceding paragraphs of this Complaint are incorporated herein by reference.

167.

Between December, 2014 and March, 2015, Plaintiff Unnikrishnan's hourly pay rate was $63.00.

168.

During the pay period from 12/1/14-12/15/14, Plaintiff Unnikrishnan worked 83.5 hours but was paid no wages for this work.

169.

During the pay period from 1/16/15-1/31/15, Plaintiff Unnikrishnan worked 88 hours but was paid no wages for this work.

170.

During the pay period from 2/1/15-2/15/15, Plaintiff Unnikrishnan worked 76 hours but was paid no wages for this work.

171.

During the pay period from 2/16/15-2/28/15, Plaintiff Unnikrishnan worked 58.5 hours but was paid no wages for this work.

172.

Plaintiff Unnikrishnan is owed $19,278.00 in back wages pursuant to the agreement he had with Defendant GST that he would be paid $63.00 per hour.

173.

The GST Employee Manual expressly states that upon separation of employment, employees with six months or more of service will be paid for all accrued but unused vacation days.

174.

The Employee Manual policy on payment of accrued by unused vacation time was drafted by Defendant GST.

175.

Plaintiff Unnikrishnan played no role whatsoever in drafting the vacation pay policy and had no input into the content or wording of the policy.

176.

The vacation pay policy is an additional compensation plan which is contractually binding upon Defendant GST.

177.

Plaintiff Unnikrishnan was aware of the vacation pay policy during his employment and relied upon it in deciding whether to use his accrued vacation or save it so that he would be paid out his accrued vacation upon separation.

178.

In reliance upon the express written terms of the vacation pay policy, Plaintiff Unnikrishnan saved his accrued vacation days rather than use them in an effort to maximize his payout upon his separation.

179.

Plaintiff Unnikrishnan would have used and would not have saved his accrued vacation hours had he known Defendant GST would refuse to pay him for these hours.

180.

Plaintiff Unnikrishnan has substantially complied with all obligations imposed upon him by his employment contract with Defendant GST.

181.

Defendant GST has breached its contract by with Plaintiff Unnikrishnan by failing to pay him all of his accrued vacation hours upon his separation.

182.

At the time of his separation from GST's employment, Plaintiff Unnikrishnan had accrued 148 hours of unused vacation time, for a total of $9,324.00 owed to Unnikrishnan.

183.

Plaintiff Unnikrishnan has requested that Defendant GST pay him for all 306 hours of unpaid work as well as the 148 hours of accrued vacation time.

184.

Defendant GST has refused to pay Plaintiff Unnikrishnan for 306 hours of unpaid work and 148 hours of accrued vacation time.

185.

Defendant GST has breached its contract by with Plaintiff Unnikrishnan by failing to pay him all of his agreed upon wages and accrued vacation pay.

186.

Defendant GST's breach of contract was in bad faith, as Defendant GST has no legal defense to payment, is being stubbornly litigious and is causing Plaintiff Sattigeri unnecessary trouble and expense in his attempts to collect this admitted debt.

187.

As a result of Defendant's breach of contract, Plaintiff Sattigeri has suffered lost income in the approximate amount of $19,278.00 in wages and $9,324.00 in owed vacation time, for a total of $28,602.00, plus prejudgment interest.

# COUNT SIX

## ACCOUNT STATED, ASSERTED BY ALL PLAINTIFFS AGAINST DEFENDANT GST

### 188.

The preceding paragraph of this Complaint are incorporated herein by reference.

### 189.

Exhibits "A", "B", and "C" to this Complaint constitute accounts stated, as they are agreements fixing the amount of GST's debts to each Plaintiff.

### 190.

In Exhibit "A", Defendant GST admits it owes Plaintiff Sheridan $29,352.96.

### 191.

In Exhibit "B", Defendant GST admits it owes Plaintiff Sattigeri for 699.50 of work and accrued vacation hours at the rate of $49.13 per hour.

### 192.

In Exhibit "C", Defendant GST admits it owes Plaintiff Unnikrishnan for 306 hours of work and 148 hours of accrued vacation time at the rate of $63.00 per hour.

193.

Defendant GST has failed to pay any part of the debts acknowledged in Exhibits "A", "B" and "C".

194.

As a result of the accounts stated, GST is indebted to Plaintiff Sheridan in the amount of $29,352.96, Plaintiff Sattigeri in the amount of $34,366.43 and to Plaintiff Unnikrishnan in the amount of $28,602.00.

## COUNT SEVEN

## ATTORNEYS' FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11 ASSERTED BY ALL PLAINTIFFS AGAINST DEFENDANT GST

195.

The preceding paragraphs of this Complaint are incorporated herein by reference.

196.

As Defendant GST has refused to honor its contractual obligations to Plaintiffs to pay them for all of their contractually agreed upon wages and accrued but unused vacation hours, despite Plaintiffs' demands for it to do so, Defendant has, therefore, not acted in good faith in the underlying transaction and has been

43

stubbornly litigious and has caused each Plaintiff unnecessary trouble and expense in connection with this matter, entitling each Plaintiff to be awarded his reasonable attorney's fees and costs and expenses of litigation.

**WHEREFORE**, Plaintiffs respectfully demand that this Court:

(a)    Take jurisdiction of this matter;

(b)    Issue an Order holding both Defendants to be an "employer" as that term is defined under the FLSA;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Issue a judgment declaring that each Plaintiff was covered by the provisions of the FLSA and not subject to any exemptions from the minimum wage or overtime pay provisions of the FLSA during the workweeks in which they were paid nothing;

(e)    Issue a judgment that Defendants have failed to comply with the minimum wage and overtime requirements of the FLSA;

(f)    Award each Plaintiff payment for each hour worked in the workweeks described in this Complaint at the legal minimum wage rate, from three years preceding the filing of this action, plus liquidated damages

equaling 100% of the minimum wages due each Plaintiff, as required by the FLSA;

(g) Award each Plaintiff payment for each overtime hour worked in the workweeks described in this Complaint, from three years preceding the filing of this action, calculated at one-and-one-half times the regular hourly rate, plus liquidated damages equaling 100% of overtime pay due each Plaintiff, as required by the FLSA;

(h) Award each Plaintiff prejudgment interest on all amounts owed (on all claims);

(i) Award each Plaintiff nominal damages (on all claims);

(j) Award each Plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216;

(k) Issue a judgment declaring that Defendant GST has breached its contract with each Plaintiff by refusing to pay him the contractually agreed upon wages and accrued vacation pay;

(l) Award each Plaintiff pay for each Plaintiff's unpaid hours worked, at the agreed upon contractual rates;

(m)  Award each Plaintiff pay for each Plaintiff's accrued vacation hours, at the agreed upon contractual rates;

(n)  Enter judgment on an account stated in favor of Plaintiff Sheridan in the amount of $29,352.96, Plaintiff Sattigeri in the amount of $34,366.43 and to Plaintiff Unnikrishnan in the amount of $28,602.00;

(o)  Issue a judgment declaring Defendant GST's breaches of contract were made in bad faith;

(p)  Issue a Judgment declaring that Defendant GST has been stubbornly litigious and has caused each Plaintiff unnecessary trouble and expense, and award each Plaintiff his reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11; and

(q)  Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 1st day of May, 2017.

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888
benjamin@dcbflegal.com
Charles R. Bridgers
Georgia Bar No. 080791
charlesbridgers@dcbflegal.com

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile

ATTORNEYS FOR PLAINTIFFS