IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSE SHERIDAN, RAMACHANDRA SATTIGERI, and SURAJ UNNIKRISHAN, <br><br> Plaintiffs, <br><br> v. <br><br> GUIDED SYSTEMS TECHNOLOGIES, INC. and J. ERIC CORBAN, <br><br> Defendants. | Civil Action File No. <br> 1:17-cv-01543-CAP |

## SETTLEMENT OF FLSA CLAIMS AND AGREEMENT TO FOREBEAR ON COLLECTION OF THE JUDGMENT

This Settlement Agreement of FLSA Claims and Agreement to Forebear on Collection of the Judgment ("Agreement") is entered into by and between Plaintiffs Jesse Sheridan, Ramachandra Sattigeri, and Suraj Unnikrishnan ("Judgment Creditors"), and Defendant J. Eric Corban ("Judgment Debtor"), collectively the "Parties" and is based on the following recitals:

WHEREAS, on or about May 1, 2017, Judgment Creditors filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, designated as Civil Action File No. 1:17-cv-01543-CAP (the "Action"), in

1

which Judgment Creditors sought relief for alleged minimum and overtime wage violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

WHEREAS, Judgment Creditors alleged in the Action that they were owed minimum wages, overtime wages, liquidated damages and attorneys' fees and costs totaling $36,234.00; and

WHEREAS, Judgment Debtor has agreed to pay this amount and have the annexed Consent Judgment (Exhibit "A") entered for this full amount in consideration for Judgment Creditor's agreement to forebear on collection as described in this Agreement; and

WHEREAS, the Consent Judgment, once entered, will be final and non-appealable; and

WHEREAS, Judgment Debtor represents that he is not now in bankruptcy and is presently aware of no facts which would or could prevent him from making all the payments required by this Agreement and Judgment Creditors are reasonably relying on this representation as a material term of this Agreement and would not enter this Agreement without such representation; and

WHEREAS, the Parties desire to enter an agreement for the entry of final judgment and for the orderly satisfaction of that Judgment and provide a release and satisfaction of judgment from Judgment Creditors to J. Eric Corban upon all

payments required under this Agreement being made;

NOW THEREFORE, in consideration of the promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, the Parties agree:

1. **Consideration.** In consideration for signing this Settlement Agreement of FLSA Claims and Agreement to Forebear on Collection of the Judgment, Judgment Debtor J. Eric Corban agrees to have the Consent Judgment (Exhibit "A") entered in this case and to pay to Judgment Creditors the total sum of Thirty-Six Thousand Two Hundred and Thirty-Four Dollars ($36,234.00), inclusive of attorneys' fees and costs as follows:

    a. Judgment Debtor J. Eric Corban agrees to pay Judgment Creditors Ten Thousand Dollars ($10,000.00) no later than September 5, 2017. Payment shall be made by check payable to "Mitchell D Benjamin LLC as Attorney for Jesse Sheridan, Ramachandra Sattigeri, and Suraj Unnikrishnan" and shall be delivered to Mitchell D Benjamin LLC, 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, GA 30303;

    b. Judgment Debtor will then make fifty-two (52) monthly payments of Five Hundred Dollars ($500.00) and one payment of Two Hundred Thirty-Four Dollars ($234.00) each no later than the 1st of each month,

beginning October 1, 2017, made payable to "Mitchell D Benjamin LLC as Attorney for Jesse Sheridan, Ramachandra Sattigeri, and Suraj Unnikrishnan." Each payment shall be delivered to Mitchell D Benjamin LLC, 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, GA 30303;

c. If any payment date falls on a weekend or holiday, the payment shall be due on the next business day;

d. Judgment Debtor represent that he maintains bank or other financial accounts at the following banks or other financial institutions and shall notify Judgment Creditors, through their counsel, if these accounts should change location before the last payment required by this Agreement is made.

   1. Wells Fargo Bank

e. Nothing in this Agreement precludes Judgment Debtor from paying all or part of the payments due under this Agreement in advance of their due dates, and it is expressly agreed that Judgment Debtor may do so without penalty.

2. If all payments are timely made to Judgment Creditors as provided in paragraphs 1(a) and 1(b) of this Agreement, Judgment Creditors shall have

received a total of Thirty-Six Thousand, Two-Hundred and Thirty-Four Dollars ($36,234.00). Within Thirty (30) days of receipt of the full amount of $36,234.00, Judgment Creditors will file a satisfaction of the judgment and provide Judgment Debtor with a release and shall make no attempts to collect any additional sums from Judgment Debtors on the judgment or this Agreement.

3. If any payments due to Judgment Creditors are not made at the time they are due, such payments are late. In such event, Judgment Creditors shall notify Judgment Debtor of the lateness of the payment. It is expressly understood and agreed that if a payment is not made in full within five (5) business days after notification of the lateness by Judgment Creditors, such failure to make the payment shall be deemed a "Default" by Judgment Debtor of his obligations pursuant to this Agreement, and that this Agreement may be terminated and cancelled by Judgment Creditors at their sole option and in their sole discretion, and Judgment Creditors may seek to collect the full amount of judgment already entered in this case, at face value, plus interest accrued at the rate applicable to Georgia judgments entered in July 2017 (less any amounts already collected or paid under this Agreement), by any legal means available to them. Any and all notices of lateness, including notice that

this Agreement is terminated, must be sent by courier, email or facsimile to:

> Todd Stanton
> Stanton Law LLC
> 410 Plasters Avenue NE, Suite 200
> Atlanta, Georgia 30324
> (404) 736-3727    Telephone
> (404) 745-0075    Facsimile
> todd.stanton@stantlonlawllc.com

All such notices must be capable of proof that such notice was received.

4. **No Consideration Absent Execution of Agreement.** The Parties understand and agree that the consideration specified in Paragraph 1 above is dependent upon execution of this Agreement and the fulfillment of the promises contained herein.

5. **No Waiver of Rights By Judgment Creditors.** It is expressly agreed and understood that this Settlement Agreement of FLSA Claims and Agreement to Forebear on Collection of the Judgment is not in any way a compromise of liability on the part of Judgment Debtor for the amounts identified in the Judgment. It is also expressly understood and agreed that in the event that the Judgment Debtor declares bankruptcy, whether voluntarily or otherwise, prior to Judgment Creditors receiving all payments required by this Agreement or within the period by which a bankruptcy trustee may seek to recover any of the payments made as a preference, that Judgment Creditors

6

will be entitled to and will seek to recover the entire amount of the unpaid judgment as a debt for a willful and malicious injury. Further, nothing in this Agreement shall be construed to waive any rights Judgment Creditors may have to pursue or collect any debts owed to them by Guided Systems Technologies, Inc., and it is expressly understood that Judgment Creditors are currently asserting such claims against Guided Systems Technologies, Inc. and will continue to do so.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with Georgia law without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. However, if the provision regarding "No Waiver of Rights By Judgment Creditors" is declared illegal or unenforceable, this Agreement shall become null and void and Judgment Creditors shall retain all rights to collect the unpaid portion of the Judgment as if this Agreement has never existed.

7. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of all Parties wherein specific reference

7

is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto. The Parties acknowledge they have not relied on any representations, promises, or agreements of any kind in connection with this Agreement except for those set forth in this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties. A facsimile or scanned copy of a signature of a Party to this Agreement shall be as acceptable as an original.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

| Jesse Sheridan | Ramachandra Sattigeri |
|---|---|
| */s/ Jesse Sheridan/* | _____ |
| Jesse Sheridan | Ramachandra Sattigeri |
| Sworn to Before me this 7th day of August, 2017. | Sworn to Before me this ___ day of August, 2017. |
| */s/ Ashley House/* | _____ |
| Notary Public | Notary Public |
| My commission expires 05/04/21 | My commission expires ___ |

ASHLEY HOUSE
Notary Public
State of Washington
My Appointment Expires
May 4, 2021

8

is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto. The Parties acknowledge they have not relied on any representations, promises, or agreements of any kind in connection with this Agreement except for those set forth in this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all parties. A facsimile or scanned copy of a signature of a Party to this Agreement shall be as acceptable as an original.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

| Jesse Sheridan | Ramachandra Sattigeri |
|---|---|
| _____ | _/s/ Ramachandra Sattigeri_ |
| Jesse Sheridan | Ramachandra Sattigeri |
| Sworn to Before me this ____ day of August, 2017. | Sworn to Before me this ____ day of August, 2017. |
| _____ | _____ |
| Notary Public | Notary Public |
| My commission expires ____ | My commission expires ____ |

[Notary Seal: LINDA DUKETT, COMM. #2179368, NOTARY PUBLIC - CALIFORNIA, SANTA CLARA COUNTY, My Comm. Exp. FEB. 09, 2021]

State of California County of Santa Clara

Subscribed and sworn to (or affirmed) before me on this 7th day of August, 2017, by Ramachandra Sattigera proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _/s/ Linda Dukett_
(Seal)

8

Suraj Unnikrishnan

_____
Suraj Unnikrishnan

Sworn to Before me this 8TH
day of August, 2017.

_____
Notary Public
My commission expires _____

DAVID MINEO
Notary Public
My Commission Expires Sept. 30, 2018

J. Eric Corban

_____
J. Eric Corban

Sworn to Before me this _____
day of August, 2017.

_____
Notary Public
My commission expires _____

9

Suraj Unnikrishnan

_____
Suraj Unnikrishnan

Sworn to Before me this _____
day of August, 2017.

_____
Notary Public
My commission expires _____

J. Eric Corban

_____
J. Eric Corban

Sworn to Before me this  /5
day of August, 2017.

_____
Notary Public
My commission expires  Mar. 20, 2021

[Notary Seal: JACOB BUTLER, NOTARY PUBLIC, GEORGIA, NEWTON COUNTY, EXPIRES MAR. 2, 2021]

9